### In re Jerome and Gloria DOBKIN, Debtors.

### MERCANTILE HOLDINGS, INC., Plaintiff,

### v.

### Jerome and Gloria DOBKIN, Defendants.

Bankruptcy Nos. 80 B 3885, 80 A 2447.

United States Bankruptcy Court, N. D. Illinois, E. D.

Aug. 4, 1981.

---

**935**

———

Edward J. Whalen, Gann, McIntosh, Flaherty & Parker, Chicago, Ill., for plaintiff.

Melvin Kaplan, Chicago, Ill., for debtors.

MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

Creditor Mercantile Holdings, Inc. filed an amended complaint to revoke order of confirmation and a motion to dismiss debtors confirmed Chapter 13 plan. Debtors filed a motion to strike the amended complaint. The court, having considered the entire record herein and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

Debtors' Chapter 13 plan was confirmed on June 14, 1980. Debtors' confirmed petition and plan lists $99,900 of noncontingent, liquidated unsecured debt. In October 1980 debtors amended their Chapter 13 schedules by adding four additional unsecured creditors claiming $1,114 of unsecured debt. Therefore, debtors owed $101,014 of noncontingent, liquidated unsecured debt on the date the petition and plan were filed.

11 U.S.C. § 1307(c), cited as the basis of Mercantile's motion to dismiss, authorizes the court to dismiss a case "for cause." In pertinent part, 11 U.S.C. § 109(e) provides that:

> Only an individual with regular income *that owes, on the date of the filing of the petition*, noncontingent, liquidated unsecured debts of less than $100,000 . . . may be a debtor under Chapter 13 of this title. (Emphasis added).

Mercantile contends that since debtors amended their schedules listing noncontingent, liquidated unsecured debt greater than $100,000, they are ineligible for Chapter 13 relief. Mercantile alleges that 60% of the debts listed by debtors are potentially nondischargeable in a Chapter 7 proceeding because they were procured by fraud, that debtors attempted to defraud this court by purposefully not listing all their debts in their petition and that debtors' willful failure to list all their unsecured debts was motivated by debtors' desire to utilize the liberal discharge provisions of Chapter 13. See § 1328(a).

Debtors' motion to strike states that they believed they owed less then $100,000 of noncontingent, liquidated unsecured debt at the time of filing. The debts listed subsequent to confirmation are as follows: Budget leasing Co., $416; The Windsor Hotel, c/o Hart, Paulis, Weise, Inc., $115; Hinda Distributing Co., c/o Charles N. Brusso and Associates, $332; and, Jewel Foods, c/o Robert Saltzman, $250. The court notes that three of the creditors listed above had already turned the Dobkin accounts over to collection agencies or attorneys.

Mercantile's amended complaint, filed on December 17, 1980, seeks to revoke the order of confirmation pursuant to 11 U.S.C. § 1330. That section allows the court to revoke a confirmation order procured by fraud *if* revocation is requested within 180 days of the confirmation order. Mercantile cannot revoke the confirmation order pursuant to § 1330 because its complaint was not filed within the 180 day period specified.

However, the court holds that Mercantile has shown "cause" which merits dismissal of debtor's case pursuant to § 1307(c). If debtors' wish to utilize the liberal discharge provisions of Chapter 13, they must be eligible for Chapter 13 relief. The Dobkins are ineligible for Chapter 13 relief because they owed greater than $100,000 of noncontingent, liquidated unsecured debt when their petition was filed. Debtors have introduced no credible evidence explaining their failure to list the four subsequent added creditors on their original schedules. Debtors' amnesia regarding those debts does not enable debtors to avoid the express language of § 109(e). Moreover, the credibility of debtors' oversight is diminished by the fact that three of the four debts were already in the hands of collection agencies or attorneys. This court will not allow debtors to accomplish by craft or artifice what they could not honestly accomplish, i. e. the liberal discharge of their debts as provided by Chapter 13. Though the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1471(a) and jurisdiction over the person through debtors' voluntary appearance in this court, it will not allow an otherwise ineligible debtor to gain eligibility by subterfuge. *See* generally 2 *Collier on Bankruptcy*, ¶ 109.01(2) and 109.05 (15th Ed.).

WHEREFORE, IT IS HEREBY ORDERED that debtors' motion to strike is denied and the motion to dismiss filed by Mercantile Holdings, Inc. be and hereby is granted so that the plan and petition of debtors herein shall be and is hereby dismissed without prejudice.