**Zerlena COMBS, Plaintiff,**

v.

**Jerry COMBS, Defendant.**

**In the Matter of Jerry COMBS, Debtor.**

**Bankruptcy No. 3–82–02518.
Contested No. (A).**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 14, 1983.

Janice Jessup, Dayton, Ohio, for debtor.

David E. Miles, Fairborn, Ohio, for Zerlena Combs.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FINDINGS OF FACT

Jerry Combs filed a petition for relief under Chapter 13 of the Bankruptcy Code

on 7 September 1982. On 19 October 1982 his proposed plan was duly confirmed providing for a 100% dividend to unsecured creditors, after payment of secured claims, by payments to the Trustee of $33.00 per month for thirty-six months. Despite the terms of his proposed plan as to secured creditors only four creditors were scheduled, all of whom were listed as unsecured, in the total amount of $705.25.

On 17 February 1983, the Chapter 13 Standing Trustee reported that the Debtor was two months delinquent in payments to the Trustee and by Order the Debtor was placed on probationary status pending the payment of future payments conformably to the Plan as confirmed, and providing for automatic dismissal upon any future reports of delinquency by the Trustee.

On 20 June 1983, the Debtor filed a proposed modification to the Plan to reduce payments to unsecured creditors to 10%. Simultaneously, he filed a list of 15 additional unsecured creditors, including Zerlena Combs, his estranged wife and her attorney.

On 25 July 1983 within rule, Zerlena Combs and her attorney filed an objection to the proposed modification, to being added as creditors. At the hearing on 5 October 1983 on the Plan Modification and objections, the Debtor testified he is presently employed by "Avis Rent-A-Car," earning $800.00 gross per month. He receives as a member of the U.S. Army Reserves $120.00 per month additionally.

The long list of claimants which the Debtor seeks to add as creditors constitute a liability imposed upon the debtor by the Common Pleas Court of Greene County, Ohio pursuant to a final decree for alimony only entered on November 4, 1982. The State Court also ordered the debtor and defendant therein to pay to the Plaintiff the sum of $60.00 per week commencing the 5th day of November 1982. These weekly payments are now delinquent in excess of the sum of $1,920.00. (possibly as high as $2,800.00).

The State Court alimony action was instituted prior to the petition filing herein on June 22, 1983, and came on for hearing on October 27, 1982. The decree of alimony as mentioned was filed on November 4, 1982.

DECISION

None of the creditors as originally scheduled in the Chapter 13 case has filed objection to confirmation of the proposed modified plan. The objector does not raise any issues as to the confirmation of the Modified Plan, but merely "objects to being listed as creditors in this post Chapter 13 Amendment Plan...."

In behalf of the debtor it is urged: "Nothing in 11 U.S.C. § 1322 or in Rule 1009 of the Bankruptcy Rules of procedure provides that alimony arrearages or attorney fees are not includable in a Chapter 13 plan. It is clear that if alimony arrearages and attorney fees are includable in a Chapter 13 Plan, they are certainly includable by way of amendment at any time before the case is closed." It is further urged, "The creditors argument does not lie in what is includable in a Chapter 13, but what is dischargeable pursuant to 11 U.S.C. § 523(a)(5)."

Even though the Objector does not specifically object to confirmation of the proposed Modified Plan, it has been argued by counsel that: "... the debtors original plan should not have been confirmed because it was not made in good faith.... The Final Decree for Alimony Only was journalized on November 4, 1982, while the hearing on the same was held on October 27, 1982. According to the Greene County Clerk's Office, service had been obtained on Mr. Combs on June 24, 1982. When Mr. Combs signed the Chapter 13 Plan on September 7, 1982, he was aware that his spouse had filed an alimony only action against him."

The creditors included on the amended schedules were proper claimants to be included in the schedules before the case came on for the confirmation hearing. As a result they did not receive notices to enable them to appear and be heard in opposition thereto. After the proposed amendment was filed, all of these added creditors were

duly served with notice by the Clerk as certified on 23 June 1983 and many of them filed proofs of claim without objection to confirmation.

On application of "a party in interest" at any time within 180 days of the entry of the order of confirmation, after notice and hearing a court may revoke the confirmation order if it was procured by fraud. 11 U.S.C. § 1330(a).

A confirmed Chapter 13 plan binds each creditor, whether or not the claim of the creditor is provided for by the plan, and whether or not that creditor has objected to, has accepted, or has rejected the plan. 11 U.S.C. § 1327(a).

There is no codified definition of the term "party in interest" despite liberal use of the term throughout the Bankruptcy Code. However, the term "claim" is broadly defined. 11 U.S.C. §§ 101(4), 101(6); and a "disinterested person" is defined. 11 U.S.C. § 101(13). In a reorganization case under Chapter 11 of the Code a party in interest is defined to include a creditors committee, but not an individual creditor. 11 U.S.C. § 1109(a).

■ Even though logic might dictate that the creditors omitted from the original filing were not then "interested parties" unless they appeared and by application were by court order listed, question of debtor's fraud or bad faith on confirmation of the plan is not now justiciable because not raised within 180 days of the entry of the order of confirmation. 11 U.S.C. § 1330(a).

Logic further would dictate, therefore, that the rights of such creditor must be asserted not as "interested parties" but pursuant to 11 U.S.C. § 523(a)(3), whereby creditors who neither are listed by the debtors in the schedules nor have otherwise learned of the case within the statutory limits may have their claims excepted from the discharge.

Contrary to the arguments of the objector, Bankruptcy Rule 1009 permits amendments by a debtor to add creditors "as a matter of course at any time before the case is closed." Effectively to prevent non-dischargeability, nevertheless, such an amendment must be filed so as to allow the creditor a "timely filing of the proof of claim." 11 U.S.C. § 523(a)(3). The nondischargeability of alimony under § 523(a)(5) would be a question to litigate irrespective of participation as a creditor in the Chapter 13 plan.

■ Being added to the case as a creditor in the Chapter 13 context, however, merely extends the provision of the confirmed plan to the claims of the added creditors. Hence, until plan modification, the creditors should be added pursuant to the Rule and as such they are entitled to 100% payment of their claims under the confirmed plan.

The plan modification, therefore, is the only question *sub judice*. The modified plan becomes the effective plan unless, after notice and hearing, the modification is disapproved by the court. 11 U.S.C. § 1329(b)(2).

■ The normal provisions governing the contents of a plan generally apply to post confirmation modification. The best interests of creditors test is made axiomatic herein since the debtor has no assets; thus, as of the effective date of the modified plan, the value of property to be distributed on account of each allowed unsecured claim cannot be less than the amount that would be paid in a straight bankruptcy. 11 U.S.C. § 1329.

As to the unsecured claims added to the original plan, a 10% dividend is feasible in the sense that the debtor would be able to make all payments under the plan and comply with the plan if based upon the debtor's entire income totalling $920.00 per month and payments to the trustee of $33.00 per month for thirty-six months. 11 U.S.C. § 1325(a)(6).

■ The entire income, however, is not available for funding the proposed modified plan. The status of all unsecured claims is not comparable, and there are two different classes of unsecured creditors. 11 U.S.C. § 1322(b)(1). Facts before the court *instanter* as to the duplicity of debtor, belying his true intentions in filing the Chapter 13 peti-

tion for relief, demonstrate that there is not primary jurisdiction in the Chapter 13 process over the debtor's entire future income. It is noted that the filing of the petition under the Bankruptcy Code does not operate under § 362(b)(2) of the Bankruptcy Code as a stay of the collection of alimony, maintenance, or support from any non-estate property. The concealed state court alimony action was in fact pending before institution of the bankruptcy case. Hence, the state court not only had jurisdiction over the person and estate of the debtor for determination of alimony and support before the bankruptcy court jurisdiction attached, under the doctrine of *lis pendens;* but, also, the bankruptcy courts as a matter of judicial comity should not permit a debtor to avoid the payment of necessary support to a spouse or children.

■ The earnings of the debtor, although included as "property of the estate" by 11 U.S.C. § 1306(a)(2) should remain subject to the prior state court jurisdiction if the obligation is determined to be nondischargeable and excluded from the property of the estate.

All of the blame and responsibility for the instant judicial involvement over a modified plan because of the alimony decree does not rest on the debtor. Neither of the attorneys involved apparently communicated with each other or asserted in the respective state or federal courts the rights and interests of their clients. Although the state court action was filed on 22 June 1982, the hearing was held on 27 October 1982 after the Chapter 13 petition for relief was filed on 7 September 1982, and thus after the automatic stay of § 362. The state court decree was not filed until 4 November 1982. Hence, there was either active or passive participation by the attorneys in violation of the bankruptcy court jurisdiction. In the very best light, the attorneys had very inadequate rapport with their clients. See decision by this Court *In Re VanHoose,* 31 B.R. 332 (Bkrtcy.Ohio 1983).

■ At this juncture, therefore, the state court decree as to alimony at least is *res judicata* as to the monetary amount of the award. Whether it constitutes a non-dischargeable obligation is not now at issue. As there has been no determination as to dischargeability, and the state court litigation was in violation of the § 362 stay, the arrearages (only) may be included in a Chapter 13 plan, although the facts cast considerable doubt that all of the mandatory requirements can conceivably be met.

■ Comity persuades but does not command deference to the doctrine of *lis pendens* and the statutory exception in § 362(b)(2). Consequently, this Court is constrained to disapprove of the modified plan because it does not provide for 100% payment to the current and delinquent alimony claims even though it may be argued that it would be effective as to the other unsecured claims. The case of *In Re Rush,* 6 B.C.D. 139 (1980) as cited by the objectors involved a secured claim being paid "outside the plan" and the standards for reducing payments therein are not applicable herein.

ORDERED, ADJUDGED AND DECREED, that the plan as modified should be and is hereby disapproved; and

ORDERED, that unless a modified plan is filed herein within two weeks for payments conformably to the foregoing findings, the objectors should be deemed not stayed from pursuing their state court remedies conformably to 11 U.S.C. § 362(b)(2).

ORDERED, that no sanctions or costs be awarded to either party because each has abused the judicial process of bankruptcy court jurisdiction. Entered at Dayton, Ohio in said District on the 14 day of November 1983.