**Chukwuemeka M. EKEKE, Appellant,**

v.

**UNITED STATES of America and State of Missouri, Appellees.**

**No. 91–00051–WDS.**

United States District Court, S.D. Illinois.

Oct. 3, 1991.

David A. Virgin, Bethalto, Ill., for appellant.

Scott H. Harris, Washington, D.C., for U.S.

Sheryl L. Moreau, Sp. Asst. Atty. Gen., Jefferson City, Mo., for State of Mo.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is an appeal of the bankruptcy court's dismissal of the previously confirmed Chapter 13 petition and plan pursuant to 11 U.S.C. § 1307(c).

This Court ADOPTS the findings of fact made by Bankruptcy Judge Basil Coutrakon. As the bankruptcy court noted, the major factual dispute was whether appellant's unsecured debt totalled more than $100,000.

The bankruptcy court dismissed appellant's Chapter 13 plan finding sufficient "cause" pursuant to § 1307(c) for two reasons. First appellant failed to meet the Chapter 13 requirements of 11 U.S.C. § 109(e). Second, appellant defrauded the bankruptcy court by submitting a plan which did not provide for payment of 100% of the Internal Revenue Service's (IRS) priority claim mandated by 11 U.S.C. § 1322(a)(2).

## DISCUSSION

This Court initially notes that appellant's brief is in violation of several requirements. First, appellant failed to state this Court's basis for appellate jurisdiction as required by Bankr.Proc. Rule 8010. Second, appellant submitted a "proposed findings of fact," instead of a "statement of facts" or a "statement of the case" as is required by Rule 8010. Finally, appellant's rambling, disorganized brief totalling some 87 pages is well beyond the maximum of 50 pages permitted by Rule 8010(c).

In reviewing the findings of the bankruptcy court, the Court must accept the lower court's findings of fact unless they are clearly erroneous. The bankruptcy court's conclusions of law are reviewed de novo. *See Matter of Supreme Plastics, Inc.*, 8 B.R. 730, 734 (N.D.Ill.1980); Bankr. Proc. Rule 8013.

11 U.S.C. § 109(e) states, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under Chapter 13 of this title."

Prior to the confirmation of appellant's plan, creditor IRS submitted a timely proof of claim for $104,410.47, to which appellant did not file an objection until after confirmation proceedings. Bankruptcy Code 11 U.S.C. § 502(a) states a "claim or interest, proof of which is filed under Section 501 of this Title is deemed allowed, unless a party in interest objects."

 Appellant correctly cites *In re Kahm and Nate's Shoes, No. 2, Inc.*, 97 B.R. 420 (Bankr.N.D.Ill.1989) for the proposition that objections to claims may be filed after confirmation, but as the bankruptcy court noted, appellant, in his objections did not present any evidence of money that the IRS received from its levy. Therefore, appellant's post-confirmation objection may be considered, and is not barred. However, this objection offers nothing to refute the IRS' proof of claim. Appellant's objections do not rebut the validity of the claim so as to shift the burden to the IRS. Thus, the Court cannot find that the bankruptcy court's determination that appellant had over $100,000 in unsecured debt was clearly erroneous.

Finally, appellant's reliance on *Matter of Pearson*, 773 F.2d 751 (6th Cir.1985) is misplaced as it contradicts the Seventh Circuit's holding in *Matter of Day*, 747 F.2d 405, 407 (7th Cir.1984) ("Courts have consistently examined the true value of collateral securing a debt when evaluating a debtor's eligibility for Chapter 13 relief under 11 U.S.C. § 109(e)"), and appellant's various attempts to distinguish factual situations do not negate the impact of the *Day* rule.

 Appellant asserts that the bankruptcy court erroneously applied the holding of *In re Dobkin*, 12 B.R. 934 (Bankr.N.D.Ill.1981). Appellant argues that the issue under § 109(e) is eligibility for Chapter 13 relief, not the bankruptcy court's jurisdiction. Appellant then claims that the appellees are barred by the doctrine of res judicata from asserting that the appellant is ineligible for Chapter 13 relief after the appellant's plan was confirmed. The Seventh Circuit has not yet ruled on whether § 109(e) establishes the court's jurisdiction, or merely sets forth the debtor's eligibility for Chapter 13 relief. The lower courts are split on this issue. *See, e.g., Dobkin, id.,* and *In re Keziah*, 46 B.R. 551, 554 (Bankr.W.D.N.C.1985) (holding the requirements of § 109(e) to be jurisdictional), as opposed to *In re Jones*, 129 B.R. 1003 (Bankr.N.D.Ill.1991) (holding § 109(e) to be an eligibility requirement). This Court is persuaded that the plain language of § 109(e) makes the amount of the plan a jurisdictional prerequisite, as opposed to an eligibility measure. However, whether jurisdictional or an element of eligibility, the Court finds that the bankruptcy court has the inherent equitable power under § 105(a) of the Bankruptcy Code to revoke the confirmation based on its finding that the plan was not made in good faith and constituted subterfuge, and an attempt to defraud the bankruptcy court. As the Seventh Circuit has noted: "It is not the objective of the bankruptcy laws to confer windfalls on debtors." *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 791 F.2d 524, 527 (7th Cir.1986).

 Appellant asserts that Judge Coutrakon's finding of sufficient "cause," pursuant to § 1307(c), to dismiss the Chapter 13 plan was erroneous. Appellant proceeds through each of the ten enumerated "causes," and asserts that none satisfy this particular situation. Appellant fails, however, to note that § 1307(c) provides that the bankruptcy court "may dismiss a case under this Chapter ... for cause *including....*" *See In re Vlahakis*, 11 B.R. 751, 753 (Bankr.M.D.Ga.1981) (emphasis added). The listed "causes" are not exhaustive, nor is the Court limited to the listed "causes." The Court finds that the bankruptcy court's determination that appellant's plan was lacking in good faith and was eligible for Chapter 13 confirmation only by subterfuge constitutes a valid "cause" sufficient to allow the bankruptcy court to dismiss the plan under § 1307(c). *See In re Beauty*, 42 B.R. 655, 656 (E.D.La.1984) ("Lack of good faith is sufficient ground upon which to dismiss a Chapter 13 plan pursuant to 11 U.S.C. § 1307(c)").

 Finally, this Court finds the bankruptcy court properly determined that appellant's plan failed to satisfy the full payment of the IRS priority claim as mandated by 11 U.S.C. § 1322(a)(2), which states: "(a) The plan shall ... (2) provide for full payment, in deferred cash payments, of all claims entitled to priority under Section 507 of this title, unless the holder of a particu-

lar claim agrees to a different treatment of such claim."

According to appellant's plan, the IRS was only to receive 10% of its priority unsecured claim. *See In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986) ("The court must therefore revoke confirmation of debtor's plan in order to avoid circumvention of the clear requirements of the Code"); *In re Ferguson*, 27 B.R. 672 (Bankr.S.D.Ohio 1982). The bankruptcy court properly determined that the mandatory language of § 1322(a)(2) provides additional "cause" for dismissal of appellant's Chapter 13 plan.

Appellant has raised a number of other issues too numerous to cite, which the Court finds are without merit and unworthy of further comment.

Accordingly, the Court AFFIRMS the bankruptcy court's dismissal of appellant's Chapter 13 plan.

IT IS SO ORDERED.