In re Richard W. JONES and Barbara J. Jones, Debtors.

Richard W. JONES and Barbara J. Jones, Plaintiffs–Appellees,

v.

UNITED STATES of America, DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant–Appellant.

No. 91 C 5748.

United States District Court, N.D. Illinois, E.D.

Nov. 26, 1991.

---

Thomas Carl Dudgeon, Arthur George Jaros, Richter, Jaros & Dudgeon, Oak Brook, Ill., for plaintiffs.

Benjamin R. Norris, Calvin C. Curtis, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This is an appeal by the Internal Revenue Service, ("IRS"), from a decision by the Bankruptcy Court for the Northern District of Illinois granting in part Richard and Barbara Jones', ("Debtors"), motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. 158(a). For the reasons set forth below, we affirm the Bankruptcy Court's decision.

## I. BACKGROUND

On August 23, 1990, approximately seven months after receiving a discharge under Chapter 13 of the Bankruptcy Code, ("Code"), Debtors filed a motion to reopen their bankruptcy case. With their motion, Debtors filed a complaint seeking a determination as to the status of certain pre-petition federal tax liabilities that the IRS contended were still owed in full notwithstanding Debtors' earlier discharge. On cross motions for summary judgment, the Bankruptcy Court found for Debtors. In response, the IRS filed a timely notice of appeal.

The following facts are relevant for purposes of this appeal. Debtors formed a corporation known as "Richard W Jones, Inc." which operated as a gas station. The IRS sent Debtors a letter dated February 8, 1989 claiming that Debtors personally owed $363,822 in back taxes and $307,709 in interest and penalties. This letter also informed Debtors that they could either immediately consent to the deficiency collection or file a written protest with the Internal Revenue Service.

On March 6, 1989, Debtors filed a formal protest. Three days later, they filed a Chapter 13 bankruptcy petition. In this petition, Debtors listed the United States as a creditor that possessed a disputed, contingent, and unliquidated claim for zero dollars. The IRS received notice of this filing.

Approximately two weeks later, Debtors filed their Chapter 13 plan and statement. The plan provided for payment of any claims submitted pursuant to section 507(a)(7). Section 507(a)(7) provides the IRS with a priority for any "allowed unsecured claim" arising from a tax on income or gross receipts. 11 U.S.C.A. § 507(a)(7)(A) (West Supp.1990). Additionally, Debtors filed a statement that mirrored Official Form 10. 11 U.S.C.A. Official Forms, No. 10 (West 1989). Paragraph 12(a) of Form 10 requests a listing of "Debts Having Priority." Under this heading, Debtors listed the IRS as a creditor with an unliquidated and disputed claim of zero dollars. Additionally, paragraph 12(c) requests a listing of "Unsecured Debts." Paragraph 12(c) had two sub-headings: (1) "Amount Claimed by Creditor," and (2) "If Disputed, Amount Admitted by Creditor." Debtors wrote "0.00" as the "Amount Claimed by Creditor" and left the latter sub-heading blank for their IRS debt.

On April 4, 1989, the IRS sent Debtors deficiency notices for the tax years in question. On May 17, 1989, at a confirmation hearing for the plan, Debtors stated that they would revise their plan if the IRS filed a claim with the Bankruptcy Court. The deadline for filing claims was July 24, 1989. The Bankruptcy Court confirmed the plan on May 17, 1989. At no time did the IRS object to the confirmation. Moreover, while the IRS did inform Debtors in a letter on June 27, 1989 that it "[w]as attempting to file a proof of claim so that the [IRS could] share in the distribution of any assets," the IRS never filed a claim.

On January 19, 1990, eight months after the plan's confirmation, Debtors completed their plan payments and received a discharge. The IRS did not object to this discharge, and the case was closed on February 21, 1990.

Post-discharge, the IRS advised Debtors that they were still personally liable for their debts. Debtors disagreed, and on August 23, 1990, they filed a motion to reopen their bankruptcy case. With this motion, Debtors filed a complaint seeking a determination regarding the applicability of their discharge to the IRS. Debtors moved for summary judgment. On December 10, 1990, approximately nineteen months after confirmation and ten months after discharge, the IRS, for the first time, formally

objected to Debtors' eligibility by filing a cross-motion for summary judgment. In its motion, the IRS contended Debtors were not eligible for Chapter 13 relief because they did not satisfy section 109(e). Section 109(e) provides in pertinent part: "Only an individual ... that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of *less than $100,000* ... may be a debtor under chapter 13 of this title." 11 U.S.C.A. § 109(e) (West 1979) (emphasis added).

In finding for Debtors, the Bankruptcy Court rendered two holdings that are relevant for purposes of this appeal. First, the Bankruptcy Court held that the IRS debt was discharged because *res judicata* precluded the government from contesting the Debtors' eligibility under Chapter 13. *In re Jones*, 129 B.R. 1003, 1006 (Bkrtcy. N.D.Ill.1991). Second, the Bankruptcy Court concluded that section 109(e) of the Code merely establishes eligibility requirements for debtors, as opposed to jurisdictional limitations for courts, and therefore it retained the authority to discharge Debtors' liabilities in the first instance. *Id.* at 1010. We review *de novo* these legal conclusions made by the Bankruptcy Court. *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir.1988), *cert. denied*, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989).

## II. ISSUES

We must decide two issues on appeal:

(1) whether the IRS is barred from contesting Debtors' eligibility to obtain relief under Chapter 13 some nineteen months after confirmation and ten months after discharge where the IRS received notice of Debtors' Chapter 13 petition, filings, confirmation, and discharge and yet never filed a claim in the Bankruptcy Court or made any timely objection; and

(2) whether section 109(e) of the Code establishes subject matter jurisdictional limitations or merely eligibility requirements for debtors seeking Chapter 13 relief.

Because we conclude that *res judicata* principles preclude the IRS from questioning Debtors' discharge and that section 109(e) does not establish jurisdictional limitations, we affirm the Bankruptcy Court's decision.

## III. ANALYSIS

### A. *Applicability of Debtors' Discharge To the IRS*

The first issue we must address is whether the IRS is entitled to contest Debtors' discharge. The IRS contends that Debtors owed greater than $100,000 in unsecured debts on the date of filing and misrepresented this fact by listing the amount claimed by the IRS as zero dollars. The IRS further asserts that such a misrepresentation constitutes a breach of Debtors' duty to file accurate Chapter 13 documents and renders their discharge invalid as to it. The Bankruptcy Court held that Debtors' discharge was valid as to the IRS even though it would have concluded that Debtors were ineligible for Chapter 13 relief had the IRS contested Debtors' eligibility in a timely manner. *In re Jones*, 129 B.R. at 1006. We agree with this conclusion.

As a general rule, once a Chapter 13 plan is confirmed, the rights and obligations of the creditors and debtor cannot be altered. Section 1327(a) of the Code states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C.A. § 1327(a). Thus, courts have ruled that "[t]he Order of Confirmation is *res judicata* as to all justiciable issues decided or which could have been decided at the hearing on confirmation." *In re Guilbeau*, 74 B.R. 13, 14 (Bkrtcy.W.D.La.1987); *In re Russell*, 29 B.R. 332, 335 (Bankr. E.D.N.Y.1983); *In re Lewis*, 8 B.R. 132, 137 (Bankr.D.Idaho 1981); Collier, Collier on Bankruptcy ¶ 1327.01 (15th ed. 1991). It is clear that the IRS had ample opportunities to raise the eligibility issue, including before, during, and after confirmation. Therefore, the IRS is now barred from

raising the issue unless it can rely on an exception to section 1327(a).

■ There are two statutory exceptions to section 1327(a), section 1330(a) and 1307(c), that the IRS can arguably rely upon to contest Debtors' Chapter 13 plan and eligibility.[1] Section 1330 authorizes the court to revoke a confirmation order if: (1) relief is requested within 180 days of the Confirmation Order; and (2) it is established that the Order was procured by fraud. 11 U.S.C.A. § 1330(a); *In re Brown,* 76 B.R. 1013, 1015 (Bkrtcy.E.D.Pa. 1987). Even if the government could prove section 1330(a)'s exacting fraud standard, *see In re Hicks,* 79 B.R. 45, 48 (Bkrtcy. N.D.Ala.1987), the IRS would be unable to rely on this statutory provision because greater than six months has passed since the order of confirmation. *See In re Brown,* 76 B.R. at 1015 (holding § 1330(a) motion untimely when filed over 180 days from confirmation); *Combs v. Combs,* 34 B.R. 597, 600 (Bkrtcy.S.D.Ohio 1983) (holding § 1330(a) motion "not now justiciable because not raised within 180 days" of confirmation). Therefore, the IRS cannot rely upon section 1330(a) in support of overturning the *res judicata* effect of the confirmation order.

■ The only other statutory provision potentially helpful to the IRS is section 1307(c).[2] Section 1307(c) authorizes the dismissal or conversion of a Chapter 13 case if "cause" exists. 11 U.S.C.A. § 1307(c). Section 1307(c) lists a number of nonexclusive examples of cause which are irrelevant here. *Id.* The IRS claims that cause exists because Debtors misrepresented their eligibility to file for Chapter 13 relief and in doing so breached their duty of disclosure. More specifically, the IRS asserts

that had Debtors listed their tax liability correctly, as a $671,531 unsecured debt instead of as zero dollars, Debtors would have been ineligible for Chapter 13 relief under section 109(e). Thus this misrepresentation, according to the IRS, enabled Debtors to "accomplish what they could not honestly accomplish, *i.e.,* the discharge of their debts under Chapter 13." Accordingly, the government believes that cause exists under 1307(c) to dismiss the case and render Debtors' discharge invalid.

■ The IRS' argument presents a clash between two Code policies. On the one hand is the Code's interest in finality as evidenced by section 1327(a) and established common law. With some minor exceptions, such as fraud, section 1327 binds the debtor and each creditor, whether or not the claim of such creditor "is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C.A. § 1327(a). Furthermore, courts have held that section 1327(a) mandates that "[t]he Order of Confirmation is *res judicata* as to all justiciable issues decided or which could have been decided at the hearing on confirmation." *In re Guilbeau,* 74 B.R. at 14. Moreover, the Third Circuit has emphasized the importance of *res judicata* principles in bankruptcy law:

> the purpose of bankruptcy law and the provisions for reorganization could not be realized if the discharge of debtors were not complete and absolute; that if courts should relax provisions of the law and facilitate the assertion of old claims against discharged and reorganized debtors, the policy of the law would be defeated; that creditors would not participate in reorganizations if they could not

---

1. We note that the IRS failed to appeal the plan's confirmation *or* move to alter or amend the Confirmation Order pursuant to Federal Rule of Civil Procedure 59(e). Both of these procedural avenues require the movant to contest the plan within ten days of the entry of the Confirmation Order and consequently are no longer available to the IRS.

2. The IRS at the lower court level argued that another statutory provision, § 105 of the Code, also provided authority to dismiss a confirmed

plan, but the bankruptcy court rejected this argument. *In re Jones,* 129 B.R. at 1010–11; *see also Young v. IRS,* 132 B.R. 395 (S.D.Ind.1990) (rejecting IRS' argument that § 105 supports the revocation of a prior order confirming a Chapter 13 plan). The IRS has not raised such an argument on appeal. Moreover, we agree with the bankruptcy court's reasoning regarding this issue. Therefore, we do not further address the availability of § 105 to dismiss a previously confirmed Chapter 13 plan.

feel that the plan was final, and that it would be unjust and unfair to those who had accepted and acted upon a reorganization plan if the court were thereafter to reopen the plan and change the conditions which constituted the basis of its earlier acceptance.

*In re Szostek*, 886 F.2d 1405, 1409 (3rd Cir.1989) (quoting *In re Penn Central*, 771 F.2d 762, 767 (3rd Cir.1985)); *cf. Montana v. U.S.*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979) (concluding that the purpose of *res judicata* is to protect litigants from the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by preventing inconsistent decisions). Thus, there is a strong policy favoring finality of decisions inherent in the Code.

 On the other hand, there is a competing policy. It is undisputed that the Code places an affirmative obligation on debtors to accurately file a truthful list of creditors and a statement of assets and liabilities. 11 U.S.C.A. § 521(1). The debtor has a duty to answer questions presented in the various schedules and filings carefully, completely, and accurately. *In re Mazzola*, 4 B.R. 179, 182 (Bkrtcy.D.Mass. 1980); *see also In re Baumgartner*, 57 B.R. 513, 516 (Bkrtcy.N.D.Ohio 1986) (requiring debtor in possession to voluntarily and willingly disclose, in minute detail, his financial affairs). Accordingly, it is clear that the Code imposed a duty on debtors here which they arguably failed to fulfill.

 In balancing these two competing policies in light of the facts of this case, however, we conclude that no cause exists within the meaning of section 1307(c) sufficient to dismiss Debtors' plan or petition. The *res judicata* principles at stake here are very strong. It is uncontested that the IRS had timely notice of Debtors' filings. Moreover, the government had ample number of opportunities to contest Debtors' eligibility but failed to do so in a timely fashion. Instead, the IRS waited some nineteen months after confirmation and ten months after discharge before raising the eligibility issue. Allowing the government

to now contest eligibility would severely undermine the principles of finality that are subsumed in the *res judicata* doctrine and the Bankruptcy Code.

Additionally, we note that Debtors were not entirely derelict in their duty to report their financial information. Debtors' listed the IRS as a creditor and provided the government with notice of Debtors' filings. Moreover, the Debtors informed the court that they would provide for the IRS' claim if it was filed. Given these actions, the IRS had an obligation to do something. *See In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1267 (10th Cir.1988). But the government did not; it neither filed a claim (although it represented that it would) nor contested the Debtors' eligibility at any reasonable time. While the government is free to ignore the proceedings it has notice of, it does so at its peril. *IRS v. Norton*, 717 F.2d 767, 774 (3rd Cir.1983); *In re Gregory*, 705 F.2d 1118, 1123 (9th Cir. 1983); *cf. In re Moseley*, 74 B.R. 791, 802 (Bkrtcy.C.D.Cal.1987) (holding that in Chapter 13 cases "IRS cannot be excused, on account of its size, from its obligations as a creditor"). Accordingly, given the strong *res judicata* principles at stake and the government's notice and opportunity to be heard, we conclude that there is no cause to dismiss Debtors' plan or petition under section 1327(a).

The IRS' reliance upon *In re Dobkin*, 12 B.R. 934 (Bkrtcy.N.D.Ill.1981), must fail. In *Dobkin*, the court revoked an Order of Confirmation pursuant to section 1307(c) 187 days after it was entered. *Id.* at 936. The court reasoned that there was cause to do so because the debtors were not eligible for Chapter 13 relief at the time they filed their petition. *Id.* Critical to the court's reasoning was that debtors neglected to include four creditors in their petition and only after confirmation did they amend their Chapter 13 schedules. Had the debtors included these creditors initially, debtors would have been ineligible for Chapter 13 relief since their aggregate unsecured debt would have been over $100,000. *Id.* at 935–36. Because the debtors presented no legitimate reason for their "amnesia," the

court concluded that cause existed to revoke the earlier confirmation and dismiss debtors' petition.

The *Dobkin* decision is distinguishable. The *Dobkin* debtors never listed the four creditors in their initial bankruptcy petition. As such, these parties never had notice or an opportunity to contest the debtors' Chapter 13 plan at confirmation. This is not the case here. The Jones' provided the IRS with notice, and the IRS had numerous opportunities to contest Debtors eligibility for Chapter 13 relief. Accordingly, *Dobkin* is factually distinguishable and of no use to the government. Because we find *Dobkin* distinguishable, we need not rule on the validity of its reasoning as the Bankruptcy Court incorrectly did.[3]

Finally, the IRS' reliance on *In re Ekeke*, No. 89–30971, slip op. (Bkrtcy.S.D.Ill. Dec. 11, 1990), *aff'd Ekeke v. U.S.*, 133 B.R. 450 (S.D.Ill.1991), is also misplaced. In *Ekeke*, the court revoked an Order of Confirmation pursuant to section 1307(c). *Id.* at 936. The court reasoned that there was cause to do so because the debtor sought confirmation of a Chapter 13 plan even though it knew that the IRS had filed a Proof of Claim for an unsecured debt of greater than $100,000. *In re Ekeke*, No. 89–30971, slip op. at 4. On this basis, the court found a lack of good faith and sufficient cause to dismiss the debtor's plan and petition. *Id.* Reliance on this case must also fail. Here, the Jones' never had any notice of a proof of claim because the IRS never filed one with the court. Accordingly, *Ekeke* is distinguishable. Therefore, we reject the IRS' argument that section 1307(c) is available to contest Debtors' discharge.

In sum, we conclude that the IRS has no statutory basis upon which to contest the validity of Debtors' plan or confirmation. Neither section 1330(a) nor 1307(c) is available to override section 1327(a)'s *res judicata* effect. As such, we affirm the Bankruptcy Court's determination that the Debtors' IRS debts were discharged.

**B.** *Nature of Section 109(e)*

The second issue we must decide is whether section 109(e) of the Code establishes jurisdictional limitations or merely eligibility requirements for a debtor seeking Chapter 13 relief. The IRS contends that section 109(e) is jurisdictional in nature. As such, the IRS asserts that the Bankruptcy Court never had subject matter jurisdiction to grant Debtors' Chapter 13 relief since Debtors had unsecured debts of greater than $100,000 in violation of the statute. 11 U.S.C.A. § 109(e). The IRS correctly points out that an order entered into by a court that lacks subject matter jurisdiction is void no matter how much time has elapsed. *Pacurar v. Hernly*, 611 F.2d 179 (7th Cir.1979). Accordingly, the IRS argues that the Bankruptcy Court erred when it refused to vacate its void orders confirming Debtors' plan and granting them a discharge. The Bankruptcy Court concluded that its orders were valid. It reasoned that section 109(e) merely establishes eligibility requirements for debtors, not jurisdictional limitations, and therefore it retained the authority to discharge Debtors' liabilities in the first instance. *In re Jones*, 129 B.R. at 1010. We agree.

An examination of the Code's language and structure reveals that Congress had no intention of establishing section 109(e) as a jurisdictional statute. It is clear that had Congress so intended it would have framed section 109(e) in terms explicitly referring to jurisdiction instead of only referring to eligibility. *Matter of Phillips*, 844 F.2d 230, 235–36 n. 2 (5th Cir.1988). Additionally, as the Bankruptcy Court noted, section 109(e) is found under the chapter heading "General Provisions" not the heading "District Courts; Jurisdiction" which is found in 28 U.S.C.A. § 1334. Furthermore, section 109(e)'s language implicitly assumes subject matter jurisdiction exists. Section 109(e) concerns the "eligibility of *debtors* for relief." 11 U.S.C.A. § 109(e) (emphasis added). Section 101(13) of the Code defines "debtor" as a "person ... concerning

---

**3.** The bankruptcy court expressly disagreed with *Dobkin*. *In re Jones*, 129 B.R. at 1011. We reject this aspect of the bankruptcy court's deci-sion, finding such a ruling to be premature and unnecessary.

which a case *under this title has been commenced.*" 11 U.S.C.A. § 101(13) (emphasis added); *see also In re Wenberg,* 94 B.R. 631, 637 (9th Cir. BAP 1988), *aff'd,* 902 F.2d 768 (9th Cir.1990). Finally, we note that neither courts nor commentators have considered section 109(e)'s primary purpose to be jurisdictional. *See, e.g., Matter of Pearson,* 773 F.2d 751, 753–54 (6th Cir.1985) (finding that "function of section 109(e) is to separate those small sole proprietors who should have the benefit of Chapter 13 from those larger businesses" who must seek relief under Chapter 11); Collier, at ¶ 109.05 (stating that "fundamental purpose" of section 109(e) is to establish the dollar limitations on the amount of indebtedness that an individual can incur and yet file under Chapter 13 instead of Chapter 11). Therefore, we hold that section 109(e) is not jurisdictional in nature. In so concluding, we are in agreement with a good number of federal courts.[4]

Not every court, however, is in agreement regarding this issue. One of the better reasoned decisions finding section 109(e) to be jurisdictional is *Matter of Wulf,* 62 B.R. 155 (Bkrtcy.D.Neb.1986). In finding section 109(e) to be jurisdictional, the *Wulf* court held that a person who is ineligible to be a Chapter 13 debtor under section 109(e) does not commence a case of any kind by filing a Chapter 13 petition. *Id.* at 158. The court stressed that section 301 of title 11 provides that a "case under a chapter of this title is commenced by the filing ... of a petition under such chapter by an entity that *may be a debtor under such chapter.*" 11 U.S.C.A. § 301 (emphasis added). In reading section 109(e)'s eligibility requirements and section 301 together, the court concluded that a Chapter 13 case filed by an ineligible party was a nullity, and the court lacked jurisdiction to convert the nonexistent case or proceed any further with it. *Id.*

As with a number of other federal courts, we disagree with the *Wulf* court's reasoning.[5] We conclude that both the Code's text and its structure reveals that Congress intended subject matter jurisdiction to attach when a case is filed under the umbrella of title 11 as opposed to when it is filed under a particular chapter within title 11. Section 1334 addresses the district courts' subject matter jurisdiction and confers jurisdiction over "cases under *title 11.*" 28 U.S.C.A. § 1334 (emphasis added). Furthermore, Bankruptcy Rule 1002 provides that a case is commenced "under the *Code*" when a petition is filed with the clerk. 11 U.S.C.A. Rule 1002 (emphasis added). This petition must substantially conform with Official Form No. 1. *Id.* (Advisory Committee Notes). Paragraph three of Form No. 1 requires the petitioner to aver that he is "qualified to file this petition and is entitled to the benefits of *title 11,* United States Code as a voluntary debtor." 11 U.S.C.A. Official Forms, No. 1 (emphasis added). Only in subsequent paragraphs must the debtor choose which chapter to file under. *Id.* Thus, it is evident that Congress intended the courts' subject matter jurisdiction to attach when a petition is filed under "Title 11," rather than one of its chapters. *In re Tatsis,* 72 B.R. 908 at 910 (Bkrtcy.W.D.N.C.1987). We, therefore, reject the *Wulf* court's reasoning.

We similarly reject the other cases cited by the IRS which find section 109(e) to be jurisdictional. Most of these cases provide a very cursory analysis of the section 109(e) issue. Moreover, those that more substantively address the issue are unpersuasive. Two such opinions, for example, contain internal inconsistencies. *See In re Glazier,* 69 B.R. 666 (Bkrtcy.W.D.Okla. 1987); *In re Kelsey,* 6 B.R. 114 (Bkrtcy.

---

**4.** *See Rudd v. Laughlin,* 866 F.2d 1040 (8th Cir. 1989); *Matter of Phillips,* 844 F.2d 230 (5th Cir.1988); *In re Wenberg,* 94 B.R. 631 (9th Cir. BAP 1988), *aff'd,* 902 F.2d 768 (9th Cir.1990); *First Brandon Nat'l Bank v. Kerwin–White,* 109 B.R. 626 (D.Vt.1990); *U.S. v. Edmonston,* 99 B.R. 995 (E.D.Cal.1989); *In re Jarvis,* 78 B.R. 288 (Bkrtcy.D.Ore.1987); *In re Tatsis,* 72 B.R. 908 (Bkrtcy.W.D.N.C.1987); *In re Republic Trust*

& *Sav.,* 59 B.R. 606 (Bkrtcy.N.D.Okla.1986); *In re Johnson,* 13 B.R. 342 (Bkrtcy.D.Minn.1981).

**5.** *See Rudd v. Laughlin,* 866 F.2d at 1042 (expressly overruling *Wulf* ). Moreover, the *Wulf* decision has been criticized and questioned by numerous other courts.

**282**

S.D.Tex.1980). These courts concluded that they lacked subject matter jurisdiction over the debtor, yet indicated they would entertain a motion to convert the case to another chapter. Such a proposition violates well established notions of subject matter jurisdiction. *See, e.g., In re Republic Trust & Sav.,* 59 B.R. 606, 610 n. 1 (Bkrtcy.N.D.Okl.1986) (recognizing that if a debtor did not satisfy section 109(e) and if it was jurisdictional the court could not convert debtor's case because it "would have no authority whatever over debtor"). Therefore, because of the unpersuasiveness of the cases finding section 109(e) to be jurisdictional, we expressly disagree with them to the extent that they are inconsistent with this opinion.[6]

Finally, we note that our conclusion is buttressed by two important policy considerations. First, if section 109(e) were jurisdictional, an ineligible debtor could file for Chapter 13 relief and obtain the benefit of the court's automatic stay until the court dismissed the petition. This maneuver would harm creditors in those instances where the debtor's case remained pending long enough so as to have the Code's preference period lapse. *See In re Wenberg,* 94 B.R. at 636 (accepting this policy argument), *aff'd,* 902 F.2d 768 (9th Cir.1990); *In re Tatsis,* 72 B.R. at 911 (same). Furthermore, finding section 109(e) to be jurisdictional would undermine important principles underlying the *res judicata* doctrine. Indeed, such a conclusion would entitle a party to potentially overturn a Chapter 13 plan "one, two or three years after confirmation" or even after discharge as the IRS seeks in this case. *See In re Wenberg,* 94 B.R. at 636 (accepting this policy argument), *aff'd,* 902 F.2d 768 (9th Cir.1990); *In re Tatsis,* 72 B.R. at 911 (same). The availability of such action could very well undermine many of the underlying purposes of the Bankruptcy Code. *See In re Szostek,* 886 F.2d at 1409 (highlighting the importance of *res judicata* principles to Bank-

ruptcy law). Thus, it is clear that important policy considerations support our decision regarding section 109(e).

In sum, we hold that section 109(e) does not establish jurisdictional limitations. Such a conclusion is justified in light of the Code's text, its structure, Congressional intent, and important policy considerations. As such, we affirm the Bankruptcy Court.

### CONCLUSION

For the foregoing reasons, we affirm the Bankruptcy Court's decision.

---

6. *See Matter of Pearson,* 773 F.2d 751 (6th Cir. 1985); *In re Ekeke,* No. 89–30971, slip op. (Bkrtcy.S.D.Ill. Dec. 11, 1990), *aff'd Ekeke v. U.S.,* 133 B.R. 450 (S.D.Ill.1991); *In re Glazier,* 69 B.R. 666 (Bkrtcy.W.D.Okla.1987); *Matter of Koehler,* 62 B.R. 70 (Bkrtcy.D.Neb.1986); *Matter of Wulf,* 62 B.R. 155 (Bkrtcy.D.Neb.1986); *In re Keziah,* 46 B.R. 551 (Bkrtcy.W.D.N.C.1985); *In re Kelsey,* 6 B.R. 114 (Bkrtcy.S.D.Tex.1980).