**In re Frank Paul BUCCO, Debtor.**

**Bankruptcy No. 96–04949–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 2, 1996.

Andrew Baron, Orlando, FL, for Debtor.

Laurie K. Weatherford, Trustee, Winter Park, FL.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Trustee's Motion to Dismiss Case for Bad Faith Filing (Doc. 7). Appearing before the Court were Andrew Baron, counsel for the Debtor, Frank Paul Bucco; and the Trustee Richard A Palmer. After reviewing the Motion, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Frank Paul Bucco ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on August 2, 1996. Trustee's Motion to Dismiss case for Bad Faith was filed August 15, 1996. The Debtor has filed for relief under Chapter 13 of the Bankruptcy Code twice previously.

Debtor's first filing was on January 6, 1995, Case No. 95–00083–6B3. The Debtor made payments totalling $2,068.10, but failed to bring payments current. The Trustee motioned for the Entry of an Order Dismissing the Case and the Court granted the Trustee's Motion for Dismissal on February 2, 1996. The Debtor was enjoined from filing for relief under Title 11 of the United States Code for a period of 180 days.

The Debtor's wife, Kathleen Bucco ("Mrs. Bucco"), filed for relief under Chapter 13 of the Bankruptcy Code on July 7, 1995 while the Debtor was enjoined from filing for relief. Mrs. Bucco's voluntary petition was dismissed by the Court on the Trustee's Motion for the Entry of an Order of Dismissal of her case. Furthermore, Mrs. Bucco was enjoined from filing for relief under Title 11 of the United States Code for a period of 180 days.

The Debtor, after the 180 day injunction expired, filed for relief under Chapter 13 of the Bankruptcy Code on November 14, 1995, Case No. 95–06102. The Debtor made no payments and failed to bring the plan current. The Court dismissed the Debtor's voluntary petition on the Trustee's Motion for an Entry of Dismissal of the case on May 15, 1995. The Debtor was additionally enjoined from filing for relief under Title 11 of the United States Code for a period of 180 days.

Mrs. Bucco, once her 180 day injunction expired, filed for relief under Chapter 13 of the Bankruptcy Code on March 22, 1996. Mrs. Bucco filed a Motion to Dismiss the Case and the Court granted her a voluntary dismissal. Mrs. Bucco was enjoined 180 days from the entry of the Order from filing for relief under Title 11 of the United States Code.

### CONCLUSIONS OF LAW

The issue before the Court is whether the Debtor's petition for relief under Chapter 13 of the Bankruptcy Code should be dismissed for lack of good faith. Section 1307(c) of Title 11 provides that upon request of a party in interest or the United States Trustee, a court may dismiss a case under this chapter for cause and lists a number of bases for dismissal. 11 U.S.C. § 1307(c). Although a lack of good faith is not enumerated as a specific basis for dismissal, courts have recognized lack of good faith as cause for dismissal of a Chapter 13 case. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *In re Stathatos,* 163 B.R. 83, 87 (N.D.Tex.1993); *In re Powers,* 135 B.R. 980, 991 (Bankr.C.D.Cal. 1991); *Ekeke v. United States,* 133 B.R. 450, 452 (S.D.Ill.1991) (stating that by the terms

of 1307(c), the enumerated causes of 1307(c) are not exhaustive).

A Motion to Dismiss a Chapter 13 case for lack of good faith is measured by the same standard for determining good faith at confirmation under § 1325(a)(3). *In re Earl,* 140 B.R. 728, 733 (Bankr.N.D.Ind.1992). Section 1325(a)(3) expressly requires that a Chapter 13 plan be proposed in good faith. 11 U.S.C. § 1325(a)(3). An abuse of Chapter 13 depends on the circumstances of the case. *In re Terry,* 630 F.2d 634–35 (8th Cir.1980).

The serial filing of bankruptcy cases by the Debtor and his spouse for the purpose of forestalling a foreclosure action should be dismissed for lack of good faith. *In re Earl,* 140 B.R. at 739. One of the purposes of the Bankruptcy Act is to relieve the honest debtor of oppressive indebtedness and permit him to start afresh. The serial filings are an abuse of the provisions, purpose, and spirit of Chapter 13. Accordingly, this case is dismissed for cause, pursuant to 11 U.S.C. § 1307(c), as not being filed in good faith in that it was filed in order to frustrate Great Western Bank's right to foreclose on its security. The Trustee's Motion to Dismiss Case for Bad Faith is granted.