Joseph G. Rosania, Jr., United States Bankruptcy Judge
This matter comes before the Court on the objection filed by the Chapter 13 Trustee ("Trustee") to the Debtors' motion to confirm their Chapter 13 Plan ("Plan"), on the basis of eligibility.[1]
The issue presented in this case has sparked a wave of cases around the country recently, starting in October 2017, with a case written as recently as last week on the subject. Three cases agree with the Trustee's position. See In re Mendenhall , 2017 WL 4684999 (Bankr. D. Idaho October 17, 2017), In re Bailey-Pfeiffer , 2018 WL 1896307 (Bankr. W.D. Wis. March 23, 2018) ; and *694 In re Petty , 2018 WL 1956187 (Bankr. E.D. Tex. April 24, 2018). Two cases agree with the Debtors' position. See In re Pratola , 578 B.R. 414 (Bankr. N.D. Ill. 2017) and In re Fishel , 583 B.R. 474 (Bankr. W.D. Wis. March 30, 2018).
Debtors Joseph A. Alonzo and Cynthia A. Alonzo ("Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on November 17, 2017. It is their first bankruptcy case. They filed their Plan a day later. The Trustee objected to the Plan on December 22, 2017. The Court held several confirmation status conferences, and must resolve the Trustee's threshold objection that the Debtors are not eligible for relief under chapter 13 because their unsecured debt exceeds the debt limitations for unsecured debt for chapter 13 debtors.
The Trustee's position, which is reflected in the Mendenhall , Bailey-Pfeiffer , and Petty cases, is that because Debtors exceed the chapter 13 debt limitations, they are not eligible for chapter 13 relief, and their case must either be dismissed or converted to a case under chapter 7 or chapter 11.
The facts are not in dispute. The Debtors are married with four dependents, including a granddaughter. Mr. Alonzo works for Bennett's Barbeque and is in the Army Reserves. Mrs. Alonzo is a college instructor, and they are showing gross income of $8,200 monthly. They own their home in Fort Collins, which they are trying to save through the bankruptcy, and they owe some taxes. The Plan they filed provides for a monthly payment of $363 for 60 months, so they have committed to the five-year chapter 13 plan period. The total they are going to pay in to the Plan is around $21,780, most of which will pay administrative expenses, taxes, and a cure on one of the secured debts. The Plan provides very little for unsecured creditors.
The Debtors argue, based on this new wave of cases that has been created because of the heartburn that our country has over student loans, that because a majority of their unsecured debt is student loan debt, such debt is not cause for dismissal of their chapter 13 case because the standard is the best interest of the creditors and bankruptcy estate, the decision to convert or dismiss is uniquely within the discretion of the bankruptcy court, and the Court should exercise such discretion and allow them to continue in chapter 13 because the creditors and Debtors will fare better in a chapter 13 case with a repayment plan, than the alternatives. They also assert that because § 1307 uses the words "may" dismiss and not "shall," and because exceeding the debt limitation is not one of the eleven enumerated reasons for cause for dismissal, the Court should examine the legislative history and public policy behind the Bankruptcy Code, as did Judge Baer in the Pratola case.
The parties briefed the legal issues. The Court has jurisdiction over the subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), as it involves a matter concerning the administration of the estate.
The Debtors owe, in their words, "massive student loan debt." Their summary of schedules reflects nonpriority unsecured debts of $458,283. Certain student loan creditors have filed unsecured claims in this case totaling $398,048. Since the 11 U.S.C. § 109 eligibility standard for chapter 13 debtors is currently $394,725, there is no dispute the Debtors owed more than the debt limitation for noncontingent, liquidated unsecured debts on the date of filing.
The Bankruptcy Code contains debt limitations for chapter 13 debtors. The debt limitation has been increased by Congress several times and 11 U.S.C. § 104 provides *695 for the adjustment of the dollar amounts for inflation every three years. 11 U.S.C. § 109(e) provides that "only an individual ... that owes, on the date of filing the petition, noncontingent, unliquidated, unsecured debts of less than $394,725...may be a debtor under chapter 13 of this title." 11 U.S.C. § 1307(c) provides, "the court may convert a case under ... chapter 13 to a case under chapter 7 of this title, or may dismiss a case under ... chapter 13, whichever is in the best interest of creditors and the estate, for cause." The Court must examine the enumerated factors under this section on a case-by-case basis.
The burden of proof is on the Debtors to confirm their Plan. To rule on the motion to confirm and objection, the Court must resolve a legal issue with respect to which there is a split of authority.
The Debtors cite the recent case of In re Pratola, 578 B.R. 414 (Bankr. N.D. Ill. 2017) in support of their argument. In Pratola , the student loan debt of the debtor alone exceeded the chapter 13 debt limitations. The chapter 13 trustee moved to dismiss the case because the debtor exceeded the chapter 13 debt limitations and the debtor objected. The bankruptcy court found that although the debtor exceeded the chapter 13 debt limitations, it did not find cause to dismiss the case. The bankruptcy court ruled that ineligibility for chapter 13 relief is not an absolute cause for dismissal and that the court has discretion to dismiss or not dismiss a case for cause because the statute uses the word "may" and not "shall." The court therefore found the statute ambiguous, allowing it to examine public policy on this issue.
The court found that allowing the debtor to proceed in chapter 13 would serve public policy because there would be funds available to remain current on educational debt, pay a dividend to general unsecured creditors and obtain a fresh start. The Pratola case focused on the well known fact that educational costs in our country are rising much more than the paltry three-year increases in the chapter 13 debt limitation. Pratola was recently followed in In re Fishel , 583 B.R. 474 (Bankr. W.D. Wis. March 30, 2018). Thus, those two cases stand for the proposition that the bankruptcy court, as a court of equity, has discretion to allow debtors to continue in chapter 13 even though their unsecured debts exceed the limitation. The commentators have found that Judge Baer, by finding the chapter 13 unsecured debt limit fails to account for the increasing amount of educational debt, essentially erased chapter 13 debt limits on student loans by judicial fiat.
The opposing cases hold there is no ambiguity, and that if you are ineligible for chapter 13 relief, it is cause for dismissal. In the case of In re Bailey-Pfeiffer, 2018 WL 1896307 (Bank. W.D. Wis. Mar. 23, 2018), similar to this case and the Pratola case, the chapter 13 unsecured debt limitation was exceeded by the student loan debt alone. The bankruptcy court analyzed the language of the statute and concluded there was no ambiguity. It concluded the plain terms of the Bankruptcy Code require dismissal of a case not eligible for chapter 13. It recognized the following equitable arguments: (i) Congress enacted debt limitations to keep large business owners from filing chapter 13 to avoid the more stringent requirements of a chapter 11 case; (ii) it would be in the best interest of creditors to allow debtors to continue under chapter 13 and pay creditors; and (iii) the Bankruptcy Code treats educational debts differently from other debts, in certain circumstances. However, the court found the words of the statute were clear on its face that an individual who is ineligible to be a chapter 13 debtor cannot continue in chapter 13. The courts in the *696 Mendenhall and Petty cases used similar analyses to reach the same conclusion.
After careful consideration of the issue, the Court agrees with the reasoning of the Bailey-Pfeiffer line of cases. The statute is clear on its face that a debtor is not eligible for chapter 13 if such debtor exceeds the unsecured debt limitations. If the debtor is not eligible, the debtor cannot proceed in a chapter 13 case. Although ineligibility is not expressly identified as cause under 11 U.S.C. § 1307(c), simple logic indicates ineligibility is cause for dismissal. The Court may only confirm a chapter 13 plan if it "complies with the provisions of this chapter and with the other applicable provisions of this chapter." U.S. Student Aid Funds v. Espinosa, 559 U.S. 260, 277, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). Other courts have reached the same conclusion. In re Day, 747 F.2d 405, 407 (7th Cir. 1984) (affirming dismissal when a debt deemed to be unsecured caused the debtor to exceed the unsecured debt limit); In re Salazar, 348 B.R. 559 (Bankr. D. Colo. 2006) (eligibility is a threshold determination and a finding a debtor is ineligible simply means debtor has the right to dismiss the chapter 13 case or convert to a chapter under which debtor is eligible); and In re Dobkin, 12 B.R. 934, 936 (Bankr. D. Ill. 1981) (dismissing case after debtors amended their schedules post-confirmation to add unsecured debt that caused them to exceed the limit).
Chapter 13 is one of the most important laws we have in our country, and it has been referred to as a "social insurance policy." Many districts in our country have thousands of chapter 13 cases. So chapter 13 works, but unfortunately, I cannot legislate from the bench, change the law, or ignore the plain language of the statute.
Our country is faced with $1.48 trillion of student loan debt (federal.reserve.gov). The questions of whether chapter 13 debt limitations should be raised generally, or just as to student loan debts, or whether and to what extent the dischargeability standards for student loan debt need to be relaxed are legislative decisions for the halls of Congress. Currently, the standard for discharging student loan debts is a high threshold of undue hardship. While the bankruptcy courts in the Pratola and Fishel cases offer compelling policy arguments, courts faced with a clear statutory command may not rewrite the Bankruptcy Code.
Thus, the Court orders the Debtors have ten days from the date of this order to convert this case to a case under either chapter 7 or chapter 11, failing which this case shall be dismissed without further notice or hearing.

On May 4, 2018, the Court issued an oral ruling on the Motion, and appropriate orders have been entered. This ex post facto Memorandum Opinion details the reasoning behind the Court's ruling, in order to aid practitioners in the district. See In re Sunland, Inc. , 2014 WL 7011747 (Bankr. D. N.M. 2014) at *1 (citing, inter alia , In re Dow Corning Corp. , 198 B.R. 214, 218-19 (Bankr. E.D. Mich. 1996).