UNITED STATES of America,
Appellant,

v.

George and Sue REYNOLDS, Appellee,

Emily Y. Wilson, Intervenor/Appellee.

Civ. A. No. 83–0004–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 19, 1984.

Thomas R. King, Jr., Asst. U.S. Atty., Roanoke, Va., for appellant.

Ross W. Krumm, Charlottesville, Va., Emily Y. Wilson, Trustee, Charlottesville, Va., for appellee.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The Internal Revenue Service ("IRS") retains in a so-called "suspense account" the amount of $1,681.96, a portion of the Reynolds' ("Taxpayers") tax overpayment for the 1980 tax year. The government has offset this amount against the Reynolds' 1979 unpaid tax liability. The issue on appeal is whether the bankruptcy court below erred by ordering a turnover to the Taxpayers of the funds in the IRS "suspense account" and thus failing to lift the automatic stay to permit the setoff. While this appeal was pending, the Chapter 13 trustee for the Charlottesville Division, Emily Y. Wilson, was permitted to intervene as an appellee.

### I.

The facts are not in dispute. On August 16, 1980, the Taxpayers filed their 1979 tax return. They owed the IRS $1,343.80. This amount is still owing to the IRS. On October 30, 1980, the Taxpayers filed their Chapter 13 petition in bankruptcy. This plan provides for the payment of claims entitled to priority under 11 U.S.C. § 507. The plan thus provided for priority treatment of tax debts such as the Taxpayers' 1979 tax liability.[1] On December 2, 1980,

1. The Bankruptcy Code gives a sixth order priority to:

the Chapter 13 plan was confirmed. Not until July 7, 1981, did the IRS file a proof of claim for the Taxpayers' 1979 liability.

Thereafter, on August 6, 1981, the Taxpayers filed their 1980 tax return. They claimed a refund due them of some $2,025. The IRS has refunded them only a portion of this sum, retaining the remainder of the refund in a "suspense account".[2] On January 11, 1982, the government filed its complaint to seek relief from the automatic stay to permit it to offset the 1980 overpayment against the 1979 deficiency. The bankruptcy court ruled that the IRS was not entitled to retain the sum held in the "suspense account" and ordered it to return the sum to the Taxpayers. The government thereupon appealed to this court.

## II.

The government urges that this court depart from the rationale and ruling of the Third Circuit in *United States v. Norton,* 717 F.2d 767 (3d Cir.1983). This recent decision marks the only consideration of this issue by a court of appeals. The *Norton* court considered at length this precise issue of the IRS' retaining overpaid taxes subsequent to a taxpayer's filing of a bankruptcy petition. The court held that the retention of the refund is a setoff under 11 U.S.C. § 553[3] and the automatic stay provisions of 11 U.S.C. § 362.[4]

While this court is not bound by the holding in *Norton,* its reasoning is persuasive. Importantly, the government is provided for in the Chapter 13 plan filed by the Taxpayers. A Chapter 13 plan must provide for *full payment* of such priority claims. Tax claims entitled to priority under § 507(a)(6) are not dischargeable in a Chapter 13 case. *See* §§ 523(a)(1)(A), 1322(a)(2). Furthermore, the IRS here holds a secured claim that supplements its priority status. 11 U.S.C. § 506 provides that an allowed claim of a creditor subject to setoff under § 553 is secured to the extent of the amount subject to setoff. Therefore, to the extent that the claim here is secured, the debtor must provide "adequate protection" so that the government receives the "indubitable equivalent" of its claim. *See* 11 U.S.C. §§ 362(d)(1) and 361(3).[5]

Counsel for the Taxpayers and the trustee at oral argument represented that the Taxpayers have regularly paid to the trustee the payments required by their Chapter 13 plan. Therefore, it appears to the court that not only does the plan provide for payment of the IRS claim but that the Taxpayers have been conscientious in conforming to the plan. Under these circumstances, the bankruptcy court's failure to lift the automatic stay seems entirely proper because the IRS is adequately protected. The court finds no compelling reason to put the government in any stronger

allowed unsecured claims of governmental units, to the extent such claims are for a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due ...
11 U.S.C. § 507(a)(6)(A)(i).

**2.** The government calculated that the retained amount of $1,681.96 includes the pro rata share of the Taxpayers' 1980 pre-petition refund offset against the 1979 liability. The Taxpayers filed their Chapter 13 petition on October 30, 1980; October 30 was the 304th day of the year. Thus, $304/366$ths of the Taxpayers' refund was due them by October 30, 1980. This amount is property of the estate, *see* 11 U.S.C. § 541, and is the amount the IRS has retained in its "suspense account".

**3.** Section 553 provides in pertinent part:

[T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...

**4.** Section 362(a)(7) provides that the filing of a petition operates as a stay of

the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; ...

**5.** One means suggested in 11 U.S.C. § 361 for providing adequate protection to the creditor is "requiring the trustee to make periodic cash payments" to the creditor. *See id.* § 361(1).

position than it already is with regard to its claim against the Taxpayers. Furthermore, the confirmation of the Chapter 13 plan "bind[s] the debtor and each creditor, ... whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

### III.

■ In sum, the court finds that the retention of the refund in a "suspense account" amounted to a setoff in violation of the automatic stay. Furthermore, because the government is adequately protected under the Taxpayers' Chapter 13 plan and will ultimately have its claim paid in full, this court affirms the bankruptcy court's refusal to lift the stay and its order directing the government to turn over to the Taxpayers their 1980 tax refund.

An appropriate Order shall this day issue.