FLAUM, Circuit Judge.
 

 Evelyn Escobedo (“Debtor”) appeals from the decision of the district court affirming a bankruptcy court’s order dismissing her proposed repayment plan (“Plan”), that apparently had already been confirmed and completed. We affirm.
 

 I.
 

 Debtor filed a Chapter 13 petition on March 25, 1987. All of Debtor’s creditors (including taxing authorities) received the required notice of the hearing on her Plan.
 
 See
 
 11 U.S.C. § 1324. Unopposed, Debtor successfully petitioned the court to announce her Plan confirmed, requiring that Debtor pay only $25.00 per month for thirty-six months in order to discharge her remaining debt. Subsequently, however, the trustee in bankruptcy, Donald Aikman, (“Trustee”) filed a late objection to the supposed confirmation, requesting that the court allow for the repayment of $24,158 in administrative and tax claims. Subject to the Debtor’s filing an objection within 10 days, the court allowed the additional claims. Although Debtor failed to object within the 10 days, she never modified her Plan to account for the new administrative and tax claims but did continue to make her $25.00 monthly payments beyond the original thirty-six month obligation. On July 2, 1992 (nearly five years after the plan’s confirmation and almost two years after Debtor’s last payment) Trustee petitioned the court to either modify the Plan’s payment schedule (so as to include the already allowed administrative and tax priority claims) or dismiss the Plan altogether. On February 11, 1993 the bankruptcy court dismissed Debtor’s entire Plan.
 
 *35
 
 After the district court affirmed the order, Debtor appealed.
 

 II.
 

 Debtor argues- that her Chapter 13 bankruptcy plan was validly confirmed and thus should be accorded
 
 res judicata
 
 effect over any subsequently discovered errors. Our review of this question is
 
 de novo.
 

 The bankruptcy code requires that a debtor’s Chapter 13 reorganization plan “provide for full payment, in deferred cash payments, of all claims entitled to priority under Section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claims.” 11 U.S.C. § 1322(a)(2) (1984). Any plan lacking the requirements of § 1322(a)(2) (a full payment of priority claims) cannot be confirmed without the claim holder’s consent.
 
 Ekeke v. United States,
 
 133 B.R. 450 (S.D.Ill.1991);
 
 see also In re Driscoll,
 
 57 B.R. 322 (W.D.Wise.1986);
 
 United States v. Reynolds,
 
 38 B.R. 725 (W.D.Va.1984)
 
 aff'd
 
 764 F.2d 1004 (4th Cir.1985); and
 
 In re Esser,
 
 22 B.R. 814 (E.D.Mich.1982). In
 
 Ekeke,
 
 the district court affirmed the bankruptcy court’s dismissal of a debtor’s plan, after issuance of a confirmation order, as the debtor’s plan failed to provide for the full payment of IRS priority claims. The
 
 Ekeke
 
 court stated:
 

 [T]his Court finds that the bankruptcy court properly determined that appellant’s plan failed to satisfy the full payment of the IRS priority claim as mandated by 11 U.S.C. Section 1322(a)(2)_ According to appellant’s plan, the IRS was only to receive 10 percent of its priority unsecured claim_ The Bankruptcy Court properly determined that the mandatory language of Section 1322(a)(2) provides additional ‘cause’ for dismissal of appellant’s Chapter 13 Plan.... Accordingly, the Court AFFIRMS the Bankruptcy Court’s dismissal of appellant’s Chapter 13 plan.
 

 Ekeke,
 
 133 B.R. at 452-53. As in
 
 Ekeke,
 
 Debtor’s plan failed to account for the full payment of all priority claims as required under § 1322(a)(2). A bankruptcy court lacks the authority to confirm any plan unless it “complies with the provision of this chapter and with the other applicable provisions of this title.” 11 U.S.C. § 1325(a)(1). As all the parties to this suit concede, Debt- or’s proposed plan did not comply with § 1322(a)(2). As a result of this failure, any supposed confirmation was nugatory and properly dismissed.
 

 Notwithstanding the deficiency of Debtor’s plan, she asserts that the bankruptcy court’s order confirming her plan has
 
 res judicata
 
 effect, thus barring the court from later dismissing Debtor’s case or from taking any remedial action to allow for the payment of § 507 type priority claims. In support of her position Debtor relies chiefly upon
 
 In re Szostek,
 
 886 F.2d 1405 (3d Cir.1989).
 
 [1]
 
 In
 
 Szostek,
 
 the court held that the provisions of § 1325(a)(5) are not mandatory prerequisites to confirmation, and thus an order confirming a Chapter 13 plan that did not meet the requirements of § 1325(a)(5) need not be revoked.
 
 Id.
 
 We note, however, as did the court in
 
 Szostek,
 
 that while the provisions of § 1325(a)(5) may be discretionary the requirements of § 1322(a)(2) are mandatory.
 
 See id.
 
 at 1411 (opining that if provisions are mandatory, as are those of § 1322(a)(2), “then a plan cannot be confirmed if it does not meet the requirements of that section”). Mandatory requirements such as § 1322(a)(2), by definition, cannot be absent from a confirmable Chapter 13 plan.
 
 See Ekeke,
 
 133 B.R. at 450;
 
 In re Driscoll,
 
 57 B.R. at 322;
 
 Reynolds,
 
 38 B.R. at 725;
 
 In re Esser,
 
 22 B.R. at 814. We conclude that this Plan was invalid for failing to include the mandatory provisions of § 1322(a)(2), and has no
 
 res judicata
 
 effect as to the omitted priority claims.
 

 AFFIRMED.
 

 [1]
 

 . Debtor also refers to recent decisions of this court,
 
 In re Chappell,
 
 984 F.2d 775 (7th Cir.1993), and
 
 Holstein v. Bull,
 
 987 F.2d 1268 (7th Cir.1993); however, neither case is dispositive.
 
 Chappell
 
 involved the non-mandatory code provisions (the "permissive” plan provisions of § 1322(b)) rather than the mandatory plan provisions of § 1322(a)(2).
 
 Holstein
 
 concerns Chapter 11 and is inapplicable to the Chapter 13 issues raised here.