**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 5, 2005
Decided July 27, 2005

**Before**

Hon. William J. Bauer, *Circuit Judge*

Hon. Frank H. Easterbrook, *Circuit Judge*

Hon. Daniel A. Manion, *Circuit Judge*


No. 04-3896

| | |
|---|---|
| In re: | Appeal from the United States District |
| Jeffrey L. Burgess and Alesia D. Burgess, | Court for the Southern District of Indiana, |
| | New Albany Division |
| *Debtors-Appellees*. | |
| | No. 03 C 71 |
| Appeal of: | |
| Judy Taylor | **Sarah Evans Barker**, *Judge*. |


**O R D E R**

Judy Taylor, an unsecured creditor of Jeffrey and Alesia Burgess, attempted to set aside the Burgesses's Chapter 13 Bankruptcy Plan nearly eighteen months after the confirmation of the Plan. Both the Bankruptcy Court for the Southern District of Indiana and the U. S. District Court for the Southern District of Indiana rejected Taylor's challenge as untimely. Taylor appeals, and we affirm.

**I.**

In May 1999, Judy Taylor obtained a $126,000 judgment against the Burgesses in Kentucky state court, which was later affirmed by the Kentucky Court of Appeals. In May of 2001, the Burgesses filed in the Bankruptcy Court for the Southern District of Indiana a voluntary petition for Chapter 13 relief (the "Petition"), as well as their Chapter 13 Bankruptcy Plan (the

"Plan"). In an attachment to the Petition, the Burgesses listed Taylor as having an unsecured nonpriority claim in the amount of $126,000.

Upon receipt of the Petition, the bankruptcy court issued a notice of the commencement of the case and set a confirmation hearing regarding the Plan for June 21, 2001. No creditors objected to the confirmation of the Plan at this hearing, and the Chapter 13 Trustee recommended that the bankruptcy court confirm the Plan.

On July 10, 2001, Taylor filed a motion objecting to the confirmation of the Plan based on the Plan's alleged failure to satisfy the "liquidation test" provision of 11 U.S.C. § 1325(a)(4). On July 11, 2001, the bankruptcy court entered an order confirming the Plan. Then, on July 30, 2001, the bankruptcy court set a hearing on Taylor's motion for September 11, 2001. At this hearing, Taylor presented no evidence, but the bankruptcy court agreed to allow Taylor to take depositions of the Burgesses. While the bankruptcy court never mentioned a specific time frame for conducting this discovery, it stated in its docket order that Taylor "must file a motion to set aside [the confirmation order] before court [sic] to enter ruling." Taylor eventually retained an appraiser, who appraised certain property of the Burgesses in December of 2001, and then Taylor took the Burgesses's depositions on January 31, 2002. However, Taylor took no further action until October 9, 2002 when she sent a notice for the deposition of her own appraiser, who she deposed later that month.

On January 17, 2003, Taylor filed a "Motion to Set Aside Confirmation Order." After a hearing on this motion, the bankruptcy court denied Taylor's motion as untimely based on Fed. R. Civ. P. 60(b)(3), which provides that a challenge from a final judgment must come within one year. The bankruptcy court concluded that, since the motion to set aside was filed 555 days after the confirmation order, Taylor's challenge failed. Taylor appealed to the district court, which affirmed. The district court, however, decided the case was not governed by Fed. R. Civ. P. 60(b)(3), but by 11 U.S.C. § 1330(a), which provides that a proceeding to revoke an order of confirmation of a Chapter 13 plan must be brought within 180 days of the confirmation order. Taylor appeals.

**II.**

"This court, like the district court, reviews the bankruptcy court's findings of fact for clear error and its legal conclusions de novo." *In re Heartland Steel, Inc*., 389 F.3d 741, 743-44 (7th Cir. 2004). As this case involves the proper procedures when objecting to a debtor's plan, it is helpful to review relevant portions of the Bankruptcy Code. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327. Even though a confirmed plan is binding, a party wanting to challenge a confirmed plan does not lack procedural options. Such a party can file an appeal from the confirmation order within ten days. Fed.R.Bankr.P. 8002(a). Moreover, a party can also file an

adversary action to revoke the confirmation order within 180 days after the date of the entry of the order, if the order was procured by fraud.  11 U.S.C. § 1330(a).

In this case, Taylor filed an objection to the Plan the day before it was confirmed based on a failure to comply with the "liquidation test" provision of 11 U.S.C. § 1325(a)(4). Specifically, Taylor believed that certain rental property had not been properly included in the Plan. Without ruling on this objection, the bankruptcy court confirmed the plan. This confirmation should have extinguished Taylor's objection. 11 U.S.C. § 1327 ("The provisions of a confirmed plan bind the debtor and each creditor . . . whether or not such creditor has objected to . . . the plan.").

Once the plan was confirmed, Taylor had two options.  First, she could have filed a notice of appeal from the confirmation order within ten days. She did not do this.  Second, she could have initiated an adversary proceeding within 180 days to revoke the confirmation order.  Taylor failed to file such an action within the required time limit, waiting 555 days after the confirmation order was entered to file her motion to revoke.  As Taylor failed to properly challenge the confirmation order, her motion was untimely.[1]

The fact that the bankruptcy court held a hearing on Taylor's objection does not change this result. It appears from the scant record that Taylor attempted to proceed simply by clinging to her pre-confirmation objection.  However, this was insufficient under the clear procedures of the Bankruptcy Code.  Further, after the September hearing, the bankruptcy court indicated what Taylor needed to do to continue with her challenge by stating that she had to "file a motion to set aside" the confirmation order.  The bankruptcy court was following, and instructing Taylor to follow, the normal procedures of 11 U.S.C. § 1330(a) in order to contest the confirmation order. Taylor had 180 days from the date of the confirmation order to obtain her discovery material and to file a motion to revoke the confirmation order. Taylor failed to do so, and her motion to set aside, filed 555 days after the confirmation order, was properly deemed untimely.

Before this court, Taylor argues that the timing considerations recited above do not apply because the Plan failed to satisfy the "liquidation test" of 11 U.S.C. § 1325(a)(4), and should have never been confirmed.  Taylor relies upon an earlier case in which we set aside a confirmation order five years after it had been entered because it had violated a "mandatory" provision, 11 U.S.C. § 1322(a)(2), which requires Chapter 13 plans to provide for the full payment of all priority claims. *See In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994).  Taylor asserts that § 1325(a)(4), like § 1322(a)(2), should be considered a mandatory provision, such that we are entitled to disregard the time limits established for revoking a confirmation order.

---

[1]While the district court based its timeliness ruling on the 180 day period set forth in 11 U.S.C. § 1330(a), Taylor's motion would be untimely even using the one year period under Fed.R.Civ.P. 60(b)(3) employed by the bankruptcy court.

Unfortunately for Taylor, what *Escobedo* giveth, *Escobedo* taketh away. In *Escobedo*, we distinguished the mandatory nature of § 1322(a)(2) from the discretionary requirements of § 1325(a).[2]  28 F.3d at 35. Our analysis in *Escobedo* relied on the analysis of the Third Circuit in *In re Szostek*, 886 F.2d 1405, 1411 (3d Cir. 1989). *Szostek* found § 1322(a) mandatory for all plans because that provision contained unequivocal language that "the plan shall" satisfy three requirements.  *See id.*  This unequivocal language meant that "a bankruptcy court lacks the authority to confirm any plan unless it" complies with the provisions of § 1322(a).  *Escobedo*, 28 F.3d at 35; *Szostek*, 886 F.2d at 1411.  *Szostek* then considered the language of § 1325(a), which provides that "'a court shall confirm a plan if' certain things occur." *Szostek*, 886 F.2d at 1411. The proper interpretation of this provision is that if the requirements of § 1325(a) are met, the bankruptcy court must confirm the plan, but if they are not met (but § 1322(a) is satisfied), the bankruptcy court still has the discretion to confirm the plan.  *See id.*  Section 1325(a), therefore, is not mandatory, but only discretionary.  As the Third Circuit noted, "if Congress had intended for § 1325(a) to be mandatory, it could have included that requirement with the requirements already listed in § 1322." *Id*.

Taylor makes no attempt to distinguish *Escobedo* or *Szostek*.  Given that this case lies outside the narrow situation confronted in *Escobedo*, the normal Bankruptcy Code requirements for contesting a confirmation order apply, especially in light of the important finality interests at issue in cases of a confirmed plan.  Taylor's motion was untimely, and the bankruptcy court properly denied it.

## III.

Taylor presents no cognizable reason why the time limits established in the Bankruptcy Code should not apply to her.  As she failed to abide by the time limits for challenging the confirmation order, we AFFIRM the judgment of the district court.

---

[2]While our decision in *Escobedo* addressed § 1325(a)(5) rather than § 1325(a)(4), the provision at issue in this case, the result is the same, as the discretionary nature is rooted in the general language of § 1325(a).