Lysbeth A. CASE, Plaintiff,

v.

**WELLS FARGO BANK, NA, Defendant.**

Shanedra E. Johnson, Plaintiff,

v.

**U.S. Bank National Association, Defendant.**

John F. Herrera, Plaintiff,

v.

**JPMorgan Chase Bank, NA, Defendant.**

Jerome D. Oven and Ann E. Oven, Plaintiffs,

v.

**Universal Savings Bank, FA, Defendant.**

Oliver L. Newsom and Claudia M. Newsom, Plaintiffs,

v.

**Bank of America Corporation, Defendant.**

James B. Jendusa and Kathleen F. Jendusa, Plaintiffs,

v.

**North American Savings Bank, FSB, Defendant.**

Valerie S. Ruhl, Plaintiff,

v.

**HSBC Mortgage Services, Inc. Defendant.**

Bankruptcy Nos. 01–24996–jes–13, 02–26885–jes–13, 03–26277–jes–13, 03–31620–jes–13, 03–22596–mdm–13, 03–25930–svk–13, 02–30892–svk–13. Adversary Nos. 05–2578, 05–2646, 05–2647, 05–2649, 05–2664, 05–2666, 06–2027.

United States Bankruptcy Court, E.D. Wisconsin.

470

March 19, 2008.

Jordan M. Lewis, Siegel, Brill, Greupner, Duffy & Foster, Minneapolis, MN, Michael J. Watton, Milwaukee, WI, for Plaintiffs.

Arthur F. Radke, Peter J. Schmidt, Dykema & Gossett PLLC, Synde B. Keywell, Bryan Cave, LLP, Chicago, IL, Andrew J. Wronski, Amanda M. Gibbs, Thomas J. O'Brien, Milwaukee, WI, for Defendants.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

### PROCEDURAL BACKGROUND

This dispute involves interest on interest payments made in accordance with provisions in the confirmed plans in each of the above-entitled cases. The plaintiffs ("debtors") assert that these payments violated 11 U.S.C. § 1322(e).[1] They contend that the only payments which should have been made were the interest payments provided in the mortgage agreements between the debtors and the defendants ("secured creditors") and that the interest on

interest payments (varying in amounts paid to the secured creditors from $238.28 in the *Johnson* adversary to $3,143.40 in the *Ruhl* adversary) be refunded by the secured creditors to the respective chapter 13 bankruptcy estates. Count I of each complaint seeks disgorgement of these overpayments pursuant to § 502(j) of the Bankruptcy Code. Count II is a claim for abuse of process under § 105 of the Bankruptcy Code. The debtors also seek class certification.

Seven adversary proceedings (each arising out of separate chapter 13 cases) were commenced by the debtors. Some of these chapter 13 cases were assigned to this court. Others were assigned to Chief Judge McGarity and Judge Kelley. All involve the same issue. The seven adversary proceedings have been consolidated upon stipulation of the parties, solely for the purpose of enabling this court to address motions to dismiss which have been filed by the secured creditors.

The secured creditors' motions to dismiss are based upon a variety of grounds, consisting of the following:

1. debtors' lack of standing;

2. adversary proceedings are procedurally defective;

3. no private right of action for abuse of process under 11 U.S.C. § 105;

4. orders confirming plans are *res judicata;*

5. failure to state a claim demonstrating prohibited conduct;

6. interest on interest, even if unauthorized under § 1322(e), is not illegal; and

7. judicial estoppel, waiver and laches.

---

1. Sec. 1322(e) states the following: "Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law."

On October 31, 2006, this court issued a decision on the first set of motions to dismiss filed by the secured creditors. *Case v. Wells Fargo NA,* 359 B.R. 709 (Bankr.E.D.Wis.2006). It concluded that the debtors had standing to bring these adversary proceedings, but also concluded that the adversary proceedings were procedurally defective because motions to reconsider an order allowing claim should first have been made under Bankruptcy Rule 3008. This court then granted the motions to dismiss and declined to address the remaining grounds for dismissal. This ruling was appealed to the district court. United States District Judge J.P. Stadtmueller agreed with this court that the debtors had standing. However, he disagreed with this court's conclusion that the adversary proceedings were procedurally deficient and decided that the debtors were not required to file motions to reconsider under Bankruptcy Rule 3008 because Bankruptcy Rule 3008 only applied where an "order" had been issued either allowing or disallowing the claims and that in all of these cases there were no such orders. As a result, this court's order dismissing all of these adversary proceedings was reversed and the adversary proceedings remanded for further proceedings. *In re Chapter Proceedings of Herrera,* 369 B.R. 395, 402 (E.D.Wis.2007).

Following the remand, the secured creditors renewed their motions to dismiss and reasserted the grounds previously not addressed by this court. An additional ground in support of their renewed motions to dismiss was also presented. The new ground contends that the granting of chapter 13 discharges, which have now been issued to all of the debtors, rendered this dispute moot.

On October 12, 2007, this court signed an order approving a stipulation in Adversary No. 06–2027 (*Ruhl v. HSBC Finance Corporation and HSBC Mortgage Services, Inc.*) dismissing this adversary proceeding against HSBC Finance Corporation, but leaving intact Ruhl's adversary proceeding against HSBC Mortgage Services, Inc.

Supplemental briefs on the renewed motions to dismiss have been presented by all parties.

## ARE THE ADVERSARY PROCEEDINGS MOOT AS TO THOSE DEBTORS WHO HAVE RECEIVED DISCHARGES?

■ This new ground for dismissal asserts that, upon discharges having been received by all of the debtors in these adversary proceedings, nothing further needs to be done and the adversary proceedings are moot.

This court rejects that argument. Although discharges were granted to all of these debtors, the granting of such discharges did not close these cases. All of these chapter 13 cases remain open. The adversary proceedings commenced by the debtors were not with the expectation that any overpayments which the secured creditors may be ordered to repay would be turned over to the debtors personally. These proceedings were brought on behalf of the chapter 13 estates. Any overpayments which might ultimately be recovered would be returned to the chapter 13 estates and inure to the benefit of the creditors as additional dividends. This court and the district court had previously stated, pursuant to Bankruptcy Rule 6009 and *Cable v. Ivy Tech State College,* 200 F.3d 467 (7th Cir.1999), that a chapter 13 debtor has the right to prosecute actions on behalf of the chapter 13 estate.

Nothing in Bankruptcy Rule 6009 declares that a debtor who receives a discharge no longer has standing to pursue the adversary proceedings.

## DO DEBTORS HAVE A PRIVATE RIGHT OF ACTION FOR ABUSE OF PROCESS UNDER 11 U.S.C. § 105?

The debtors, in their brief opposing the renewed motions to dismiss, have conceded that § 105 of the Bankruptcy Code does not create a private right of action. Accordingly, Count II no longer is an issue in this case and is dismissed.

## EQUITABLE DEFENSES

The secured creditors have presented several equitable defenses based on judicial estoppel, waiver, and laches.

▮ Judicial estoppel is intended to preclude a party from "playing fast and loose" with the court by taking opposite positions. This doctrine only applies when the positions taken by a party are clearly inconsistent. *State v. Petty*, 201 Wis.2d 337, 548 N.W.2d 817, 821 (1996); *Levinson v. U.S.*, 969 F.2d 260, 264–65 (7th Cir. 1992). It is within the court's sound discretion as to whether judicial estoppel should be invoked. *Matter of Cassidy*, 892 F.2d 637, 642 (7th Cir.1990). All of the confirmed plans submitted by the debtors provided for interest on interest payments to the secured creditors and were confirmed without any objection. After debtors' plans were confirmed, they then, for the first time, raised the contention that interest on interest payments were illegal and must be disgorged.

▮ The position which was asserted by the debtors after plan confirmation is contrary to what they proposed in their plans. However, that is not sufficient for judicial estoppel to be invoked. In *In re Hovis*, 356 F.3d 820, 823–24 (7th Cir.2004), the court ruled that a debtor was not judicially estopped from objecting to the amount of a secured creditor's claim after the plan was confirmed. In *Hovis*, the plan provided the debtor with the ability to object to claims up to 60 days after plan confirmation, and the debtor did timely assert that right and object. Although none of the plans in the adversary proceedings before this court contained a similar reservation of right to object after confirmation, the court does not believe that distinction is why *Hovis* declined to apply judicial estoppel. What is more crucial is that in *Hovis* the court noted that the parties never debated the accuracy of the secured creditor's claim prior to plan confirmation. *Id.* at 823. Similarly, in all of the chapter 13 cases here, the issue of whether the secured creditors' claims were accurate also was never debated before any of the plans were confirmed.

▮ Judicial estoppel is a remedy to be used sparingly and only in egregious cases of misrepresentation. *In re Price*, 361 B.R. 68, 78 (Bankr.D.N.J.2007). The record here does not persuade this court that the debtors at the outset had the intention of obtaining plan confirmation by providing for interest on interest payments and then after confirmation to seek recovery of such overpayments. The inconsistency in debtors' actions may well have resulted from inadvertence and misunderstanding on their part. Accordingly, the court declines to invoke judicial estoppel.

▮▮ The secured creditors also assert waiver as a defense. Waiver requires the intentional relinquishment of a known right. *Milas v. Labor Assoc. of Wisconsin, Inc.*, 214 Wis.2d 1, 571 N.W.2d 656 (1997); *Shearson Hayden Stone Inc. v. Leach*, 583 F.2d 367, 370 (7th Cir.1978). The record fails to establish such intent by any of the debtors. If there was intentional relinquishment, it presents a factual issue which cannot be decided at this stage of the proceedings. The court concludes that waiver does not apply.

A third equitable defense raised by the secured creditors is laches, which requires establishing:

1. unreasonable delay and
2. undue prejudice as a result of such delay.

*Hauxhurst v. Pettibone Corp.*, 40 F.3d 175, 181 (7th Cir.1994); *Farries v. Stanadyne/Chicago Division*, 832 F.2d 374, 378–79 (7th Cir.1987); *E.E.O.C. v. CW Transport Inc.*, 658 F.Supp. 1278, 1287 (W.D.Wis.1987); *State v. Evans*, 2004 WI 84, ¶ 9, 273 Wis.2d 192, ¶ 9, 682 N.W.2d 784, ¶ 9. The delay must have substantially, materially, or seriously prejudiced the debtors' ability to prepare its defense. *E.E.O.C. v. Massey–Ferguson Inc.*, 622 F.2d 271, 275 (7th Cir.1980). Delay alone is not sufficient to trigger the use of laches. *E.E.O.C. v. CW Transport, Inc.*, 658 F.Supp. at 1292. Undue prejudice must also be shown. *Id.* Undue prejudice does not mean simply that the defendants may be required to disgorge overpayments of funds. What must be established is the delay in bringing these proceedings against the secured creditors hampered the secured creditors in their preparation of a defense due to the passage of time resulting in documentary evidence or key witnesses no longer being available or witnesses who are available no longer having a recall of relevant facts. None of these circumstances have been asserted by the secured creditors. They have failed to show that they were unduly prejudiced. Laches is not a basis for dismissal of these proceedings.

### ARE THE ORDERS CONFIRMING THE CHAPTER 13 PLAN BINDING UPON THE PARTIES?

The secured creditors further assert that the order confirming plan in each case is binding upon the debtors and that such orders are entitled to *res judicata*

effect under 11 U.S.C. § 1327(a) which states:

### § 1327. Effect of Confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

In *In re Lasica*, 294 B.R. 718, 721 (Bankr.N.D.Ill.2003), Judge Squires aptly noted that the Seventh Circuit has long recognized the sanctity of confirmation orders. His observation rings loud and clear in *In re Harvey*, 213 F.3d 318, 321 (7th Cir.2000); *In re Chappell*, 984 F.2d 775, 782 (7th Cir.1993); *In re Pence*, 905 F.2d 1107, 1109 (7th Cir.1990); and *Adair v. Sherman*, 230 F.3d 890 (7th Cir.2000).

In *Harvey*, 213 F.3d at 321, the court said:

It is a well established principle of bankruptcy law that a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan.

*Harvey* further states:

The reason for this is simple and mirrors the general justification for *res judicata* principles—after the affected parties have an opportunity to present their arguments and claims, it is cumbersome and inefficient to allow those same parties to revisit or recharacterize the identical problems in a subsequent proceeding.

*Id.*

In *Chappell* the court held that, as a general rule, the failure to raise an objection at the confirmation hearing or an appeal from the order of confirmation precludes an attack on the plan as illegal in a subsequent proceeding. 984 F.2d at 782.

*Pence*, in reiterating that a confirmed chapter 13 plan is binding, joined in reach-

ing the same result as made in *Harvey* and *Chappell.* 905 F.2d at 1109.

■ *Adair v. Sherman* is the most recent decision in the Seventh Circuit on this issue. *Adair v. Sherman* concluded that the confirmation order is *res judicata* and binding upon the debtor and creditors as to all issues which have been decided or which *could have been* decided before confirmation. 230 F.3d at 894–95 (emphasis added). In *Adair v. Sherman,* a debtor brought suit against a creditor based upon the Fair Debt Collection Practices Act alleging that the creditor overvalued its claim. The district court granted the creditor's motion to dismiss, declaring that this suit was barred because the debtor failed to object prior to plan confirmation. The Seventh Circuit affirmed and stated the following:

> Allowing collateral attacks of the type brought by [debtor] would give debtors an incentive to refrain from objecting in the bankruptcy proceeding and would thereby destroy the finality that bankruptcy confirmation is intended to provide.

*Id.* at 895. Permitting a challenge to a plan after confirmation invites mischief. For example, a debtor in seeking to avoid a potential objection to confirmation would have the ability to put a provision into a plan to satisfy that creditor and then, following confirmation, challenge the debtor's own provision. That would not only undermine the concept of finality in bankruptcy proceedings, it would also undermine the integrity of the entire judicial process.

What persuades this court that *res judicata* applies is that the challenge to interest on interest payments has been brought by the debtors—the very same parties who proposed such payments in their plans. In *In re Starling,* 251 B.R. 908 (Bankr. S.D.Fla.2000), a debtor agreed to waive his right to object to a creditor's claim before the plan was confirmed. Six months after plan confirmation, the debtor then objected to the claims as excessive. The bankruptcy court overruled the debtor's objection, declaring that it was made too late.[2] The bankruptcy court stated that the confirmed plan was binding upon the debtor and creditor and that to permit such a challenge following confirmation would overlook the express language of § 1327(a) of the Bankruptcy Code. *Id.* at 910.

■ There are some recognized exceptions to the rule that an order confirming plan is binding. That observation was made by this court in its decision in *In re Averhart,* 372 B.R. 441 (Bankr.E.D.Wis. 2007). *Averhart* noted the qualifying language in *Harvey* (that a party cannot "ordinarily" attack a confirmed plan) and in *Chappell* (a confirmed plan is controlling "as a general rule"). An exception to *res judicata* also exists where fraud is involved. *In re Szostek,* 886 F.2d 1405, 1413 (3rd Cir.1989). Further exceptions to *res judicata* arise where there is a lack of due process caused by a failure to provide notice of a proposed plan to creditors, where a plan is ambiguous, or where a plan contains a term that raises an unexpected problem at some time in the future. *Harvey,* 213 F.3d at 323. None of these exceptions have been raised here.

**2.** The time lapses between the dates of each order of confirmation and the commencement of each adversary proceeding are considerably longer than in *Starling* and are as follows:

| Case | 4 1/3 years |
| --- | --- |
| Johnson | 3½ years |
| Herrera | 2 3/4 years |
| Oven | 2 1/4 years |
| Newsom | 2 5/6 years |
| Jendusa | 2 2/3 years |
| Ruhl | 3 1/3 years. |

The debtors rely upon *In re Escobedo,* 28 F.3d 34 (7th Cir.1994), to support their contention that all of the orders confirming plans are invalid because of the failure of the plans to comply with § 1322(e) and are without *res judicata* effect.

In *Escobedo,* the Seventh Circuit Court of Appeals held that the confirmed plans failed to meet the requirements of § 1322(a)(2) (a provision which requires full payment of priority claims) and which rendered the plan confirmation nugatory. 28 F.3d at 35. The court held that § 1322(a)(2) is a mandatory requirement of a plan, and because of the failure to comply with this provision, the order confirming plan was vacated and the confirmed plan dismissed. *Id.*

In *In re Carr,* 318 B.R. 517, 521 (Bankr. W.D.Wis.2004), Judge Martin reached the same result and concluded that § 1322(b)(2) (which prohibits modifying the rights of a secured creditor whose claim is only secured by the debtor's principal residence) was also a mandatory provision for plan confirmation and vacated the order confirming plan.

On the other hand, the Third Circuit Court of Appeals in *In re Szostek,* 886 F.2d 1405 (3rd Cir.1989), reached a different conclusion in dealing with § 1325(a)(5)(B)(ii), which provision states that a secured creditor be paid the full amount of its secured claim. *Szostek* declared that, even though the confirmed plan failed to meet the requirements of § 1325(a)(5)(B)(ii), it was a permissive provision which did not require that the order confirming plan be vacated. 886 F.2d at 1412–13.

*Escobedo* distinguished *Szostek* by stating:

We note, however, as did the court in *Szostek* that while the provisions of § 1325(a)(5) may be discretionary, the requirements of § 1322(a)(2) are mandatory.

28 F.3d at 35. *See also In re Westenberg,* 365 B.R. 895, 899 (Bankr.E.D.Wis.2007).

The statutory provision before the court here is § 1322(e). This provision sets forth a formula for determining the amount needed to cure a default on a secured claim to be paid through a chapter 13 plan. The issue here is whether § 1322(e)(2) is a mandatory provision, requiring the order confirming plan be vacated, or a discretionary provision, not requiring such order to be revoked.

■■■ This presents an issue of first impression. Not all provisions in the Bankruptcy Code are mandatory requirements for plan confirmation. The mandatory provisions for plan confirmation are contained in § 1322(a). *Collier* ¶ 1322.01 states:

Mandatory provisions in chapter 13 plans, which are set out in § 1322(a) have been kept to a minimum. Permissive provisions, set out in § 1322(b) predominate. The flexibility permitted in the formulation of chapter 13 plans is central to the implementation of the congressional goal of encouraging use of chapter 13. Therefore, except to the extent that a plan provision is expressly mandated or prohibited, there is no fixed form that a plan must take, and the debtors are allowed to tailor their plans to meet their own needs and circumstances as they wish.

*Collier on Bankruptcy,* 15th Ed., Vol. 8, para. 1322.01, p. 1322–6. *Escobedo* clearly was dealing with a mandatory provision under § 1322(a). That distinguishes *Escobedo* from these adversary proceedings which deal with § 1322(e) and not § 1322(a). Although *Carr* held that § 1322(b)(2) was a mandatory provision for plan confirmation, this court respectfully disagrees with that conclusion made by the

distinguished judge from the Western District of Wisconsin. Instead, this court adopts the *Szostek* reasoning, in which the court stated that if § 1322(e) was intended to be a mandatory requirement for plan confirmation, it would have been included with the other mandatory requirements in § 1322(a) instead of having been made a separate provision. This court concludes that § 1322(e) is a discretionary provision which, if not complied with, does not render an order confirming plan nugatory.

There is nothing illegal about parties agreeing to pay more than what is required under the § 1322(e) formula. *In re Doty*, 129 B.R. 571, 591 (Bankr.N.D.Ind. 1991), states that a confirmed plan is analogous to a consent decree and that debtors, by providing a plan containing more than what is required to be paid under this section, have consented to be bound by the terms of their own plan. Sec. 1325(a)(5)(B)(ii) contains language which declares that the value of property to be distributed to a holder of a secured claim "is *not less* than the allowed amount of such claim." (emphasis added) This language further supports the conclusion that, even though an amount to be paid under a plan is more than required, it is not a basis to vacate the order confirming that plan. In *In re Booth*, 289 B.R. 665, 668 (Bankr. N.D.Ill.2003), Judge Wedoff stated that the terms of a confirmed chapter 13 plan are binding even if the confirmation was erroneous. Finally, the Seventh Circuit in *In re Crivello*, 134 F.3d 831, 838 (7th Cir. 1998), declared that: "A judgment is not void simply because it is erroneous." That same pronouncement applies here.

### CONCLUSION

Pursuant to 11 U.S.C. § 1327(a), all of the orders confirming plans involved in these adversary proceedings are binding upon the parties and entitled to *res judicata* effect. Accordingly, the secured credi-

tors' motions to dismiss these adversary proceedings are **GRANTED**.